UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CARREON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Dr. S. ABDUR-RAHMAN, et al.,<br><br>　　　　　Defendants. | No. 2:17-cv-1292 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner, who proceeds without counsel and in forma pauperis, in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on plaintiff's original complaint against defendants Dr. S. Abdur-Rahman and Dr. Lee. Presently pending is defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the undersigned recommends that defendants' motion be granted in part, and denied in part, without prejudice to the filing of a motion for summary judgment.

II. The Verified Complaint

Plaintiff alleges that defendant Dr. S. Abdur-Rahman, in retaliation for plaintiff's filing appeal HDSP-HC 15029346 against the doctor, failed to provide adequate medical care for plaintiff's serious medical needs, including failures to (a) timely provide a four-wheel walker, resulting in plaintiff falling and sustaining serious injuries; (b) treat plaintiff's tremors; (c) address

1

plaintiff's increased need for pain medications; and (d) refer plaintiff to a specialist. (ECF No. 1 at 1-19.) Plaintiff further alleges that defendant Dr. Bonnie Lee was aware of plaintiff's serious medical needs, yet failed to ensure that plaintiff received care for his serious medical needs. (ECF No. 1 at 20-24.) Plaintiff seeks money damages. Plaintiff provided a table of contents for exhibits referred to in his complaint, but did not provide such exhibits. (ECF No. 1 at 26-28.)

III. Motion to Dismiss: Legal Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Reiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." Lazy Y Ranch Ltd. V. Behrens, 546 U.S. F.3d 580, 588 (9th Cir. 2006).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se

pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

IV. Exhibits

Despite providing a detailed table of contents for exhibits referred to in his complaint, plaintiff did not append such exhibits. (ECF No. 1 at 26-28.) With their motion, defendants provided copies of pertinent exhibits referenced in plaintiff's complaint, along with a declaration from the custodian of records, as follows:

A. CDCR 7362s, dated April 11, May 22, July 26, September 2, September 4 (two different forms bearing the same date), and September 12, 2015. (ECF No. 19-1 at 4-10.)

B. Primary Care Provider Progress Note, dated June 29, 2015. (ECF No. 19-1 at 12-13.)

C. Medical Progress Note, dated July 23, 2015. (ECF No. 19-1 at 15-17.)

D. HDSP RN Rover Progress Note "ascertaining a Bravo 3 code after [Plaintiff] fell and was rushed to an outside hospital." (ECF No. 19-1 at 19-20.)

E. Banner Lassen Medical Center Discharge Document "ascertaining T1 injury and head injury." (ECF No. 19-1 at 22-27.)

F. Outside hospital final report "ascertaining fracture of the anterior right T1 vertebrae due to fall." (ECF No. 19-1 at 29.)

G. Medical Progress Note, dated August 25, 2015, "ascertaining that Plaintiff tried to seek medical care for all [his] medical conditions and requested a four wheels walker to no avail."[1] (ECF No. 19-1 at 31-33.)

H. Medical Progress Note, dated September 30, 2015. (ECF No. 19-1 at 35-38.)

I. Declaration of Custodian of Records (ECF No. 19-1 at 40.)

---

[1] Plaintiff did not identify this note by date, but he cited it in support of his allegation that on August 25, 2015, he was in acute pain from the fall and that he requested his morphine be extended and that his Lyrica be increased. (ECF No. 1 at 9.)

3

| | |
|---|---|
| 1 | J. Appeal log number HDSP-HC-15029346.  (ECF No. 19-1 at 42-49.) |
| 2 | K. Appeal log number HDSP-HC-15029462, including CDCR 1824 Reasonable |
| 3 | Accommodation Request "for a walker with four wheels . . . and [Defendant] Lee Chief P&S was |
| 4 | partial reviewer and denied Plaintiff the walker."  (ECF No. 19-1 at 51-59.) |
| 5 | L. Appeal log number HDSP-HC-16029822.  (ECF No. 19-1 at 61-73.) |
| 6 | M. Appeal log number HDSP-HC-16031095.  (ECF No. 19-1 at 75-94.) |
| 7 | (ECF Nos. 19 at 5-6; 19-1 at 2.) |

With regard to such exhibits, plaintiff's opposition is contradictory.  Plaintiff does not specifically dispute the authenticity of a particular exhibit.  Rather, plaintiff claims the motion is defective because defendants failed to provide a declaration from the custodian of records attesting to their authenticity, and states "the court may dismiss the motion from the [out]set. Otherwise same as in complaint (Exhibit C)."  (ECF No. 20 at 5.)  Plaintiff's Exhibit C is a copy of his complaint which has no exhibits appended.  (ECF No. 20 at 14-42.)[2]  Moreover, in his supporting declaration, plaintiff claims that exhibits appended to his opposition "are true and correct medical records extracted from defendants' exhibits and are true and correct copies according to the declaration by Janet N. Chen, and are referenced in complaint and relevant to opposition. . . ."  (ECF No. 20 at 3.)  Yet plaintiff appended no medical records to his opposition. He includes a page marked Exhibit A, but no exhibit follows.  (ECF No. 20 at 11.)  The remaining exhibits include a page from a court order, plaintiff's complaint, and a page from an unidentified book, apparently a dictionary, which includes the definition of Parkinson's disease. (ECF No. 20 at 12-44.)

A court ordinarily may not consider evidence outside the complaint on a Rule 12(b)(6) motion to dismiss.  See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001); see also Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam) (the court will "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.").  However, a court may consider evidence on which

---

[2] In his complaint, plaintiff's Exhibit C is identified as his health care appeal, log number HDSP-HC-15029346, but is not appended.  (ECF No. 1 at 26.)

the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1141 n.5 (9th Cir. 2003). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

Initially, the undersigned overrules plaintiff's objection that no declaration by a custodian of records was provided. A declaration by the custodian of records, Mary Tilton, was provided among the exhibits appended to the motion. (ECF No. 19-1 at 40.)

On the other hand, with respect to exhibits, while they are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). Plaintiff is not required to provide exhibits to his complaint. At the pleading stage, plaintiff is not required to produce evidence in support of his complaint.

Plaintiff's complaint refers to 602 health care appeal HDSP-HC 15029346 in several places. (ECF No. 1 at 7, 13, 14, 17, 22, 26.) Because plaintiff argues that defendant Dr. Rahman retaliated against plaintiff for filing appeal HDSP-HC 15029346, such appeal is essential to plaintiff's retaliation claim. In his index to exhibits not appended to the complaint, plaintiff identifies appeal HDSP-HC 15029346 as asserting some of the medical issues plaintiff was suffering from, and how Dr. Rahman failed to render care. (ECF No. 1 at 26.) Plaintiff complains that the 602 does not mention how he fell, and contradicts how the hospital ascertained injury to his head and T2 vertebra. (Id.) But plaintiff does not challenge the date he signed the appeal, July 26, 2015 (id.), which is also confirmed in his pleading (ECF No. 1 at 7).

Because the initial portion of defendants' motion to dismiss turns on the filing date of the administrative appeal, specifically alleged in plaintiff's complaint, the court will address such argument. However, because the motion to dismiss plaintiff's Eighth Amendment deliberate indifference claims relies on documents that were not appended to plaintiff's complaint, the

undersigned declines to consider such arguments on a motion to dismiss, and declines to convert the motion to dismiss to a motion for summary judgment under Rule 12(b)(d) of the Federal Rules of Civil Procedure.

V. <u>Retaliation</u>

<u>Medical Care Provided Before HDSP-HC 15029346 Was Filed</u>

Defendants first argue that plaintiff's claim that Dr. Abdur-Rahman refused to render medical care as a vendetta for filing 602 health care appeal HDSP-HC 15029346 (ECF No. 1 at 14, 17) fails because plaintiff did not file such appeal until July 26, 2015, three days after Dr. Abdur-Rahman allegedly failed to provide adequate medical care on July 23, 2015. (ECF No. 19 at 7.) Moreover, defendants point out that on July 23, 2015, as documented in the medical progress note, the doctor informed plaintiff of the availability of the 602 appeal process. (ECF No. 19 at 8.)

Plaintiff counters that he will prevail on his retaliation claim against Dr. Abdur-Rahman because the deliberate indifference occurred after plaintiff filed his 602 inmate appeals. Plaintiff argues that his exhibits demonstrate that Dr. Abdur-Rahman and Dr. Lee did not provide treatment for plaintiff's Parkinson's disease until he sustained further injuries. (ECF No. 20 at 8.)

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." <u>Watison v. Carter</u>, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

In his opposition, plaintiff does not address the timing issue surrounding his appeal HDSP-HC 15029346, which is the appeal plaintiff identified as the moving force behind the doctor's alleged refusal to provide care in retaliation. (ECF No. 1 at 14, 17.) Plaintiff's complaint confirms that Dr. Abdur-Rahman saw plaintiff on July 23, 2015, and plaintiff did not

file his appeal HDSP-HC 15029346 until "on or about" July 26, 2015. (ECF No. 1 at 7.) Thus, defendants' motion to dismiss should be granted because the doctor could not have retaliated on July 23, 2015, based on an appeal not yet written by plaintiff.

Medical Care Provided After HDSP-HC 15029346 Was Filed

However, in the complaint, plaintiff also alleges that such appeal was the moving force behind the doctor's "inactions" (ECF No. 1 at 14), and in his opposition, plaintiff appears to argue that the doctor's alleged deliberate indifference <u>after</u> plaintiff filed his appeals will also demonstrate such retaliation. Defendants counter that there was no adverse action because the doctor saw plaintiff on August 25, 2015, and September 30, 2015, and the medical records show that "Dr. Abdur-Rahman made medical determinations based on medical need." (ECF No. 19 at 8.) In his opposition, plaintiff does not deny that he was seen by Dr. Abdur-Rahman on August 25, 2015, and September 30, 2015, and does not provide additional dates on which he may claim the doctor allegedly refused to treat plaintiff. Rather, plaintiff states only that the "attached exhibits will demonstrate [that] Dr. Abdur-Rahman did not provide treatment for plaintiff's progressive Parkinson's disease until further significant injury and the unnecessary and wanton infliction of pain." (ECF No. 20 at 8.)

The exhibits provided by plaintiff with his opposition do not address how defendant Dr. Abdur-Rahman's actions or omissions after July 26, 2015, were performed in retaliation for plaintiff filing administrative appeals and, in any event, may not be considered on a motion to dismiss. Plaintiff's complaint is focused on the doctor's treatment on July 23, 2015, and fails to adequately state a retaliation claim based on treatment provided or not provided by the doctor after July 26, 2015. Although plaintiff addresses incidents and treatment that took place after July 26, 2015, he fails to show any retaliatory conduct by Dr. Abdur-Rahman after July 26, 2015, specifically identifying an adverse action.

Plaintiff is cautioned that, absent facts not alleged here, the alleged deliberate indifference of a prison medical doctor is insufficient to state a First Amendment retaliation claim. Rather, plaintiff must allege specific facts demonstrating that the acts or omissions of the doctor were taken because of plaintiff's protected conduct. For example, if the doctor otherwise treated

7

plaintiff, but simply failed to provide the treatment plaintiff preferred, such treatment would not constitute an adverse action under the First Amendment. It is unclear whether plaintiff can state a cognizable retaliation claim against Dr. Abdur-Rahman. However, in an abundance of caution, plaintiff is granted leave to file an amended complaint provided he can allege facts supporting all five elements under Rhodes, 408 F.3d at 567-68, as to Dr. Abdur-Rahman. In the alternative, plaintiff may opt to proceed on his original complaint solely as to his Eighth Amendment deliberate indifference claims.

V. Eighth Amendment

As noted above, because defendants' motion relies on medical records not appended to the complaint, the undersigned denies defendants' motion to dismiss plaintiff's Eighth Amendment deliberate indifference claims against defendants without prejudice to renewal in a properly-noticed motion for summary judgment which provides plaintiff the notice required under Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (*en banc*).

VIII. Leave to Amend

Plaintiff is granted leave to amend to attempt to state a retaliation claim as to Dr. Abdur-Rahman based on treatment provided or not provided by the doctor after July 26, 2015. If plaintiff elects to amend, he should also include his Eighth Amendment deliberate indifference claims against defendants Dr. Abdur-Rahman and Dr. Lee. Plaintiff should not include legal argument in any amended complaint; rather, he should simply allege the facts relevant to each claim.[3] Plaintiff is not granted leave to raise new or unrelated claims or to add new defendants.

---

[3] The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from plaintiff's pleading all introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within

8

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff shall file any amended complaint on the form civil rights complaint provided by the Clerk of Court.

IX. Subsequently-Filed Motion

Long after defendants' motion to dismiss was fully briefed, plaintiff filed a document entitled "Motion to Amend," which also appears to seek to compel the production of documents, and to serve as an additional opposition to defendants' motion to dismiss. First, plaintiff's motion is not accompanied by a proposed amended complaint. As a prisoner, plaintiff's pleadings are

---

minutes. McHenry, 84 F.3d at 1177. A long, rambling pleading with unexplained, tenuous or implausible connection to the alleged constitutional injury very likely will result in delaying the review required by 28 U.S.C. § 1915.

9

subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. Because plaintiff did not submit a proposed amended complaint, the court is unable to evaluate it. If plaintiff seeks to renew his motion to amend, he must provide a proposed amended complaint.

To the extent plaintiff seeks to compel production of documents, defendants are correct that no discovery requests have been propounded, and a discovery and scheduling order has not yet issued in this action.[4] Once defendants file an answer, the court will issue an order addressing discovery.

To the extent that plaintiff sought to further argue the merits of defendants' motion to dismiss, such arguments are untimely-raised and improperly filed. Plaintiff did not seek leave of court to file such additional arguments, and the undersigned has not considered such arguments in connection with the ruling on defendants' motion to dismiss.

X. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case;

2. Plaintiff's motion to amend (ECF No. 23) is denied without prejudice; and

3. The Clerk of the Court shall send plaintiff the form for filing a civil rights action by a prisoner.

Further, IT IS RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 19) be granted in part, and denied in part:

　a. Defendants' motion to dismiss plaintiff's retaliation claims against defendant Dr. Abdur-Rahman, based on medical treatment provided before July 26, 2015, be dismissed with prejudice; and

　b. Defendants' motion to dismiss plaintiff's retaliation claims against defendant Dr. Abdur-Rahman based on medical treatment provided or not provided after July 26, 2015, be

---

[4] To the extent plaintiff seeks copies of his own medical records, plaintiff has access to his medical file, and may review and obtain copies by following prison procedures, for example, seeking an Olsen review of his medical file.

10

dismissed with leave to amend; in the alternative, plaintiff may choose to proceed on his original complaint based solely on his Eighth Amendment deliberate indifference claims.

  2. Defendants' motion to dismiss plaintiff's Eighth Amendment deliberate indifference claims be denied without prejudice to renewal in a motion for summary judgment.

  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 15, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/carr1292.mtd.12b6