UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CARREON,<br><br>Plaintiff,<br><br>v.<br><br>S. ABDUR-RAHMAN, et al.,<br><br>Defendants. | No. 2:17-cv-1292 TLN KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se. On February 1, 2019, plaintiff filed a request to the Clerk of Court stating he needs the name of his physical therapist, first name Brian, who worked at High Desert State Prison and who was a witness in this case. (ECF No. 35.) Plaintiff's motion is denied for the following reasons.

First, plaintiff is advised that the court may not investigate claims on behalf of litigants. Rather, plaintiff must investigate his own claims, including locating parties and witnesses to incidents underlying his federal claims. Plaintiff may be able to locate the name of his physical therapist by reviewing plaintiff's medical file at the prison.

Second, if the identity of the physical therapist is not clear from plaintiff's medical records, he could have sought such information through discovery served on defendants. However, under the discovery and scheduling order issued November 27, 2018, such discovery requests were to be served no later than January 15, 2019. (ECF No. 34 at 5.) Thus, at this time,

any discovery request would be untimely.

Third, plaintiff may seek an extension of the discovery deadline, but he must file a formal motion, showing good cause and demonstrating that he has been diligent. "The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

Plaintiff also asks the Clerk for the "form to fill out for this witness." (ECF No. 35 at 1.) Plaintiff is advised that the court has no "witness form." If plaintiff is seeking a subpoena form for the physical therapist, plaintiff's request is premature. Under the discovery and scheduling order, a subpoena for unincarcerated witnesses who refuse to testify voluntarily are to be submitted to the U.S. Marshal not earlier than four weeks and not later than two weeks before trial. (ECF No. 34 at 4.) No trial date has been set in this matter, so no subpoena may yet be submitted.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request (ECF No. 35) is denied without prejudice.

Dated: February 6, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/carr1292.den

2